```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LAPHAEL MCCLENIC,

                    Plaintiff,

        -against-                        ORDER
                                         18-CV-7030(JS)(ARL)
GLEN HARDY, ESQ.,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Laphael McClenic, Pro Se
                    15007005
                    Nassau County Correctional Center
                    100 Carman Ave.
                    East Meadow, New York 11554

For Defendant:      No Appearance
```

SEYBERT, District Judge:

On December 6, 2018, incarcerated pro se plaintiff Laphael McClenic ("Plaintiff") filed a Complaint alleging that his civil rights were violated by his attorney Glen Hardy, Esq. ("Defendant"), in his underlying state court criminal case. Plaintiff did not remit the Court's filing fee nor did he file an application to proceed in forma pauperis at the time he filed the Complaint. Accordingly, by Notice of Deficiency dated December 11, 2018, (see Docket Entry 3), Plaintiff was instructed to either remit the filing fee or to complete and return the enclosed in forma pauperis application in order for his case to proceed. On December 20, 2018, Plaintiff timely filed an application to proceed in forma pauperis. (IFP Mot., Docket

Entry 7.

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.  However, for the reasons set forth below, Plaintiff's Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

BACKGROUND[1]

Plaintiff's brief handwritten Complaint, submitted on the Court's Section 1983 form, alleges the following in its entirety:

> Mr. Glen Hardy Esq. since my case has begin has lied to my codefendant who lied to me due to his attorney false information regarding an important trial issue "the severance".  I adjusted my criminal defense upon the false information from counsel.  When my first trial ended in a mistrial March 02, 2018, me and my codefendant was severed from March 02, 2018 to September 09, 2018.  As a matter of course the two cases were separate and no

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order.  Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

> longer heard together.  Codefendant represented by Glen
> Hardy, Esq. did not go to trial for a reason I am not
> aware.  Oct. 09th 2018 the People filed motion to re-
> consolidate.  The People basis of the motion is judicial
> economy.  Where a joint trial result in an impairment
> of the defendant substantial rights it amounts to an
> abuse of discretion to deny a motion to sever.  Attorney
> Glen Hardy lied to co-defendant that he filed a written
> motion with the Courts Oct. 09, 2018 in which court
> records prove false.  Glen Hardy, Esq. ineffective
> representation of codefendant has deprived me of a fair
> trial.  Glen Hardy has hindered and undermined my
> defense by conspiring with the district attorney's
> office to deprive me a fair trial.  Glen Hard Esq. has
> intentionally stop my speedy trial with adjournments
> that are excessively long.  I have been ready for trial
> since 10-20-16 in which I stated in open court.  Glen
> Hardy is under contract by the District Attorney's
> office to waive defendant(s) rights at arraignment.
> Glen Hardy Esq. has violated his professional
> responsibility to client and has acted unlawfully with
> bad faith, malfeasance or improper motive denying
> Plaintiff Constitutional rights.

(Compl. ¶ IV.)  Although Plaintiff does not allege any injuries as a result of the alleged deprivation of his Constitutional rights, he seeks to recover one hundred million dollars ($100,000,000.00) in unspecified "damages".  (Compl. ¶¶ IV.A, V.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore,

3

Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678;

accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person action under color of state law. Thus, private parties

are not generally liable under a Section 1983.  Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (citation omitted).

Generally, attorneys, whether court-appointed or privately retained, are not state actors for purposes of Section 1983.  See Polk Cty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); see also Brown v. Legal Aid Soc'y, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).  Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory.  See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002).  In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325.

As is readily apparent, the allegations in the Complaint are insufficient to state a Section 1983 conspiracy claim against Defendant. Accordingly, Plaintiff's Section 1983 claims against Defendant are DISMISSED.[2] Given the dismissal of Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE. See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) (a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed at an early stage in the litigation).

CONCLUSION

For the reasons set forth above, Plaintiff's application

---

[2] The Court notes that, insofar as Plaintiff seeks to challenge his underlying state court conviction, a civil action brought pursuant to a Section 1983 claim is improper. Plaintiff's exclusive avenue for relief concerning his state court conviction is via a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. The habeas statute sets forth specific requirements concerning exhaustion and the time period for filing such a petition and the Court makes no finding on these issues here. See 28 U.S.C. §§ 2244(d), 2254(b)-(c).

to proceed in forma pauperis is GRANTED, but the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  20 , 2019
       Central Islip, New York